IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER V. EATON and GEORGIA B. EATON,

      Plaintiff,

v.                                                                     No. 1:20-cv-399 SCY/KRS

UNITED STATES OF AMERCIA,

      Defendant.

## INITIAL SCHEDULING ORDER

This case is before the Court for scheduling, case management, discovery, and other non-dispositive matters.  The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court, will apply to this lawsuit.

The parties, appearing through counsel or pro se, shall "meet and confer" no later than **December 1, 2020** to formulate a provisional discovery plan.  *See* Fed. R. Civ. P. 26(f).  **As part of this process, the parties are reminded that Federal Rule of Civil Procedure 26(f) requires them to exchange views on the "disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced."  The parties have an attendant duty to preserve all electronically stored information that may be discoverable in this case.**

The time allowed for discovery is generally 120 to 180 days.  The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR") that follows the sample available on the Court's website.[1]  The blanks for suggested/proposed dates in the JSR

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007.  The standardized *Joint Status Report and Provisional Discovery Plan* is available at  www.nmd.uscourts.gov/forms from  the drop-down menu.

are to be filled in by the parties.  Actual dates will be promulgated by order of the Court to be entered after the Rule 16 scheduling conference scheduled pursuant to this order.  Plaintiff, or Defendant in cases which have been removed from State District Court, is responsible for filing the JSR by **December 8, 2020.**

**Initial disclosures by a party pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be made within fourteen days after the meet-and-confer session.**

A telephonic Rule 16 scheduling conference will be conducted on **December 16, 2020, at 9:30 a.m.**  Counsel and parties pro se shall call **(888) 398-2342** and enter access code **8193818** to be connected to the telephonic Rule 16 scheduling conference.  At the Rule 16 scheduling conference, counsel and parties pro se should be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence, whether a *Daubert*[2] hearing is necessary, initial disclosures, and the time of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2).  The Court, counsel and parties pro se will also discuss settlement prospects and alternative dispute resolution possibilities.  In addition, the scheduling conference participants will address consideration of consent by the parties to a United States Magistrate Judge presiding over dispositive proceedings, including motions and trial, pursuant to 28 U.S.C. § 636(c).  Parties represented by counsel may, but are not required to, attend the telephonic scheduling conference.

If service on all parties is not complete, Plaintiff(s) appearing through counsel or *pro se* is/are responsible for notifying all parties of the content of this order.

Good cause must be shown and the express written approval obtained from the Court for any modifications of the dates in the scheduling order that issues from the JSR.

---

[2] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Pretrial practice in this case shall be in accordance with the above.

**IT IS SO ORDERED.**

*[signature: Kevin Sweazea]*

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE